[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE THE VERDICT
The plaintiffs have moved to set aside the verdict of the jury in favor of the defendant, The Connecticut Light and Power Company. For the most part, the specific claims advanced by the plaintiffs in support of their motion were the subject of argument before the court during the trial, including the submission of citations and briefs by the respective parties. Thus, the parties are aware of the reasons for the determinations made by the court and of the legal basis therefore. Accordingly, the court will only summarize the basis for the various rulings made during the course of the CT Page 533 trial.
The court finds that there was sufficient evidence to support the verdict for the defendant either on the basis of the lack of negligence on the part of the defendant, or on the basis of negligence on the part of the plaintiff.
The court rules that Batson v. Kentucky, 476 U.S. 79 (1986), and subsequent cases constituting binding precedent both Federal and Connecticut, involving racial discrimination in jury selection, do not encompass age and gender discrimination claims with respect to the exercise of peremptory challenges. The court further rules that, under the facts as they exist in the present case, there has not been an unconstitutional exercise of peremptory challenges by the defendant nor any attempt to systematically exclude individuals on the basis of age or gender. The court also finds that the explanations provided by defendant's counsel for the exercise of its peremptory challenges do not violate the applicable provisions of the Constitution of the United States or the State of Connecticut.
The plaintiffs also claim that the court erred in refusing to admit into evidence testimony and documents relating to prior injuries sustained by various individuals as a result of contact with the electrical wires of the defendant. The defendant admitted that its electrical facilities had the potential to cause serious personal injuries or death and introduced evidence to that effect. Given that fact, evidence of prior injuries sustained by other parties from contact with the defendant's electrical wires would have only marginal, if any, significance and the probative value of such evidence would be outweighed by its prejudicial effect. The plaintiffs also did not demonstrate, as a foundation, any sufficient similarities of conditions with respect to the injuries sustained by other parties. Moreover, if evidence of prior incidents were presented to the jury, the defendants would have the right to bring forth evidence relating to each such injury thereby unnecessarily lengthening and complicating the trial.
The plaintiffs also claim the court erred in its charge in failing to instruct the jury with respect to the doctrine of negligence per se. The court did instruct the jury with respect to the enhanced duty imposed upon the defendant by the regulations of the Department of Public Utilities Control as those regulations have been interpreted by our Supreme Court. There were no exceptions taken to that portion of the charge. The court then CT Page 534 instructed the jury that if they found that the defendant had violated the duty imposed by the regulations, the violation of that duty would provide the basis for a finding of negligence. The duty imposed upon the defendant to utilize the highest degree of care that might reasonably be expected does not purport to mandate specific conduct in specific circumstances. The court believes that the charge was correct in law and adapted to the issues.
The plaintiffs also claim that the court erred in submitting certain issues with respect to plaintiff's conduct to the jury. The court finds that there was evidential support for the submission of such issues and that no exception was taken to the charge on those issues. In any event, no relief can be granted because of the application of the rule that requires the court to assume that all issues were decided by the jury in favor of the defendant.
Accordingly, the motion to set aside the verdict is denied.
RUSH, J.